UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMMY JUNIOR DOSS,

                Petitioner,                Case No. 1:13-cv-417

v.                                          Honorable Janet T. Neff

CARMEN PALMER,

                Respondent.
_____/

**OPINION**

        This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court will dismiss the petition without prejudice for failure to exhaust available state-court remedies.

**Discussion**

I.  Factual allegations

Petitioner is incarcerated in the Michigan Reformatory. He was convicted in the Kalamazoo County Circuit Court of voluntary manslaughter, MICH. COMP. LAWS § 750.321; felon in possession of a firearm, MICH. COMP. LAWS § 750.224f; and possession of a firearm during the commission of a felony (felony-firearm), MICH. COMP. LAWS § 750.227b. On July 19, 2010, the trial court sentenced Petitioner as an habitual offender, third offense, MICH. COMP. LAWS § 769.11, to 12 to 30 years' imprisonment for voluntary manslaughter, 4 to 10 years' imprisonment for felon in possession of a firearm, and a consecutive two years' imprisonment for felony-firearm.[1]

Petitioner raised the following seven claims on direct appeal in the Michigan Court of Appeals:

I.  The trial court erred in admitting the defendant's prior conviction for attempted first-degree home invasion under MRE 609(a)(1).

II. The trial court erred in denying the defendant's motion for a mistrial based upon comments the prosecutor made during closing argument relating to society and race.

III. The trial court erred in denying the defendant's motion for a directed verdict.

IV. Defense counsel was ineffective by failing to move for a new trial or request a *Ginther* hearing.

V.  Defense counsel failed to object to the erroneous standard of review applied by the court to the defendant's motion for a directed verdict.

---

[1] In his application for habeas corpus relief, Petitioner also lists a previous judgment of conviction for assault with intent to commit great bodily harm less than murder, which was imposed by the Berrien County Circuit Court on May 16, 2005. Petitioner may not file a habeas petition challenging more than one state-court judgment. *See* Rule 2(e), RULES GOVERNING § 2254 CASES. All of the claims raised in the instant petition appear to concern Petitioner's 2010 conviction in Kalamazoo County. If, however, Petitioner wishes to challenge his 2005 Berrien County conviction, he must file a separate petition.

VI. Defense counsel was ineffective by failing to file a second motion for a directed verdict.

VII. Defense counsel was ineffective by failing to investigate the case and call certain witnesses.

(Amend. Pet., docket #6, Page ID#2.) In an unpublished opinion issued on November 29, 2011, the Michigan Court of Appeals rejected Petitioner's claims of error and affirmed his conviction. The Michigan Supreme Court subsequently denied his application for leave to appeal on May 21, 2012.

In his amended application for habeas corpus relief, Petitioner raises the same seven claims presented in the Michigan Court of Appeals, as well as the following two additional claims:

VIII. Defense counsel's proposed defense theory in the present case was not supported by law and/or any jury instructions.

IX. Defense counsel failed to provide me with a meaningful comparison between . . . the outcome of a conviction by plea verses a conviction by trial.

(Amend. Pet., Page ID##13-15.)

II. Exhaustion of State Court Remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971), *cited in Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve

any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39.

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner raised his first seven grounds for habeas corpus relief in the Michigan Court of Appeals and the Michigan Supreme Court, thus, the exhaustion requirement is satisfied with regard to those claims. Petitioner, however, failed to raise his eighth and ninth grounds for habeas corpus relief in the Michigan appellate courts.[2] Consequently, those claims are unexhausted. The Court further notes that Petitioner has not presented his claims of ineffective assistance of appellate counsel, which Petitioner now argues as cause for his failure to exhaust his state-court remedies. To serve as cause to excuse a default, a claim of ineffective assistance of counsel must be properly exhausted. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000); *Buell v. Mitchell*, 274 F.3d 337, 349 (6th Cir. 2001).

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to raise the issues he has presented in this application. He may file a motion for relief from judgment under MICH. CT. R. 6.500 *et seq.* Under Michigan law, one such motion may be filed after August 1, 1995. MICH. CT. R. 6.502(G)(1). Petitioner has not yet filed his one allotted motion. Therefore, the Court concludes that he has at least one

---

[2]Petitioner does not specifically list the claims he presented in the Michigan Supreme Court. Even if he raised his eighth and ninth claims for relief in the Michigan Supreme Court, presentation of an issue for the first time on discretionary review to the state supreme court does not fulfill the exhaustion requirement of "fair presentation." *Castille v. Peoples*, 489 U.S. 346, 351 (1989).

available state remedy. In order to properly exhaust his claim, Petitioner must file a motion for relief from judgment in the Kalamazoo County Circuit Court. If his motion is denied by the circuit court, Petitioner must appeal that decision to the Michigan Court of Appeals and the Michigan Supreme Court. *See Duncan*, 513 U.S. at 365-66.

Because Petitioner has some claims that are exhausted and some that are not, his petition is "mixed." Under *Rose v. Lundy*, 455 U.S. 509, 22 (1982), district courts are directed to dismiss mixed petitions without prejudice in order to allow petitioners to return to state court to exhaust remedies. However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precludes future federal habeas review. This is particularly true after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition. As a result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to mixed petitions. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). In *Palmer*, the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. *Id.*; *see also Rhines v. Weber*, 544 U.S. 269, 277 (2007) (approving stay-and-abeyance procedure); *Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1)(A), the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application on May 21,

2012.  Petitioner did not petition for certiorari to the United States Supreme Court, though the ninety-day period in which he could have sought review in the United States Supreme Court is counted under § 2244(d)(1)(A).  *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000).  The ninety-day period expired on August 20, 2012.  Accordingly, absent tolling, Petitioner would have one year, until August 20, 2013, in which to file his habeas petition.

The *Palmer* Court has indicated that thirty days is a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days is a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies.  *Palmer*, 276 F.3d at 781.  *See also Griffin*, 308 F.3d at 653 (holding that sixty days amounts to a mandatory period of equitable tolling under *Palmer*).[3]  Petitioner has more than sixty days remaining in his limitations period.  Assuming that Petitioner diligently pursues his state-court remedies and promptly returns to this Court after the Michigan Supreme Court issues its decision, he is not in danger of running afoul of the statute of limitations.  Therefore a stay of these proceedings is not warranted.  Should Petitioner decide not to pursue his unexhausted claims in the state courts, he may file a new petition raising only exhausted claims at any time before the expiration of the limitations period.

## Conclusion

For the foregoing reasons, the Court will dismiss the petition for failure to exhaust available state-court remedies.

## Certificate of Appealability

---

[3] The running of the statute of limitations is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court already has determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr.*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

This Court denied Petitioner's application on the procedural ground of lack of exhaustion. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds,

a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The Court finds that reasonable jurists could not debate that this Court correctly dismissed the petition on the procedural ground of lack of exhaustion. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the Court denies Petitioner a certificate of appealability.

        A Judgment consistent with this Opinion will be entered.


Dated: __June 12, 2013__                  /s/ Janet T. Neff
                                                                                                                                  Janet T. Neff
                                                                                                                                 United States District Judge